**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

```
_____
                                     )
MADEN TECH CONSULTING, INC.          )
d/b/a MADEN TECHNOLOGIES,            )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )   Civil Action No.  05-0777
                                     )
MARK A. PAPPAS, et al.,              )
                                     )
          Defendant.                 )
_____)
```

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Dismiss, or in the Alternative, Motion to Strike Counterclaims of Defendants Robert and Lanfen Chu Nawy.

The Court finds that the Nawy Defendants were incidental third party beneficiaries of the contract between Defendant Pappas and Plaintiff under Virginia law because that contract did not name the Nawy Defendants or their company. See Food Lion, Inc. v. S. L. Nusbaum Ins. Agency, Inc., 202 F.3d 223, 229 (4th Cir. 2000); Radosevic v. Va. Intermont Coll., 651 F. Supp. 1037, 1038-39 (W.D. Va. 1987). Incidental third party beneficiaries to a contract lack standing to sue on the underlying contract. Food Lion, 202 F.3d at 229; Radosevic, 651 F. Supp. at 1038-39. Therefore, the Nawy Defendants do not have standing for their

counterclaims based on the contract between Defendant Pappas and Plaintiff.  Plaintiff's successful motion to dismiss rendered his motion to strike moot, and the Court declines to consider it further.  It is hereby

ORDERED that Plaintiff's Motion to Dismiss, or in the Alternative, Motion to Strike Counterclaims of Defendants Robert and Lanfen Chu Nawy is GRANTED and those counterclaims are DISMISSED and the motion to strike is DENIED as moot.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 17, 2005